**UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | **Chapter 13** |
| | : | |
| **Karen Tortorella** | : | **Bankruptcy No. 16-14722-elf** |
| | : | |
| Debtor. | : | Hearing Date & Time: 9/11/18 at 9:30 a.m. |

<u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR CO-DEBTOR RELIEF</u>

U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, Movant/Creditor, by and through its attorney, Tucker Arensberg, P.C., moves this Court for an Order granting relief from stay and for co-debtor relief provided by 11 U.S.C. §362 stating as follows:

1. On July 1, 2016 (the "Petition Date"), Karen Tortorella (the "Debtor") filed her voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") at bankruptcy case number 16-14722-elf (the "Case").

2. This matter is a core proceeding and this Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Movant seeks relief pursuant to 11 U.S.C. § 362(d) and FRBP 4001 and 9014.

3. On or about June 23, 2010, the Debtor and Erma E. Tortorella (the "Co-Debtor") borrowed $276,128.00 from Wells Fargo Bank, N.A., pursuant to the terms of a Note. A true and correct copy of the Note is attached as Exhibit "A".

4. As security for repayment of said obligation, the Debtor and Co-Debtor executed a Mortgage in favor of Wells Fargo Bank, N.A. with respect to certain real property owned by the Debtor and Co-Debtor and located at 5026 York Road, Doylestown, PA 18901 (the "Property") and recorded in the Office of the Recorder of Deeds of the County of Bucks on July 19, 2010 at Mortgage Book 6451, Page 1787 (the "Mortgage"). A true and correct copy of the Mortgage, along with the Assignments of Mortgage transferring the lien to Movant, are attached as Exhibit "B".

5. The Debtor believes and avers that the fair market value of the Property is approximately $267,292.80, pursuant to Debtors' Schedule A.

6. Debtor is currently in default of the Note and Mortgage for failure to make post-petition payments when due rendering the obligation due for the April 1, 2018, through and including August 1, 2018, payments in the amount of $9,993.70, plus $188.13 in late charges, for a total amount of $10,181.83.

7. The payoff amount good through August 15, 2018, is $285,511.72.

8. Pursuant to the Debtor's Amended Chapter 13 Plan filed on January 12, 2018, the Debtor is to be making post-petition payments directly to Movant.

9. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and provides, in pertinent part: "[A] petition filed under . . . this title . . . operates as a stay . . . of

(1) The commencement . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

* * *

(3) Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate

11 U.S.C. § 362(a)(1), (3).

10. Section 362(d) of the Bankruptcy Code provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a), if -

    (A) the debtor does not have an equity in such property; and

    (B) Such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

  11. Movant believes and therefore avers that there is good cause to grant relief from the automatic stay, including lack of adequate protection for Movant's secured claim in the indebtedness based on the following:

    A. the Debtor has not made regular post-petition payments to Movant and is due for the April 1, 2018, payment through and including August 1, 2018, payment;

    B. the Property has no value to the Estate or, at best, only inconsequential value to the Estate; and

    C. Movant's interests in the Property are not adequately protected.

  12. Pursuant to 11 U.S.C. § 362 the Movant is entitled to relief from the automatic stay and for co-debtor relief.

  13. Further, upon information and belief, the Debtor remain in possession of the property.

  WHEREFORE, U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust prays this Honorable Court enter the attached Order which grants the Movant relief from the automatic stay and for co-debtor relief and Movant prays for such further relief as this Court deems just and proper.

    Respectfully submitted,

    TUCKER ARENSBERG, P.C.

    By /s/ Allison L. Carr
     Allison L. Carr, Esquire, Pa. I.D. # 203815
     1500 One PPG Place
     Pittsburgh, PA 15222
     (412) 566-1212
     Attorney for U.S. Bank Trust National Association