3314 RA

## BUCKS COUNTY RECORDER OF DEEDS

55 East Court Street
Doylestown, Pennsylvania  18901
(215) 348-6209

Instrument Number - 2010048192
Recorded On 7/19/2010 At 2:07:29 PM          * Total Pages - 13
* Instrument Type - MORTGAGE - CORPORATIONS
  Invoice Number - 379748          User -  KLJ
* Mortgagor - TORTORELLA, KAREN
* Mortgagee - WELLS FARGO BK N A
* Customer - RESOURCE PA L L C
* FEES
  RECORDING FEES          $76.00
  TOTAL PAID              $76.00

```
This is a certification page

DO NOT DETACH

This page is now part
of this legal document.
```

RETURN DOCUMENT TO:
RESOURCE PA L L C
ATTN: CINDY

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.

Robert W. Dickson
Acting Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

0A9FEE

Book: 6451  Page: 1787

Registry

RECEIVED

· 2010 JUL 19 P 1: 02

BUCKS COUNTY
RECORDER OF DEEDS

Prepared By:
WELLS FARGO BANK, N.A.

ONE HOME CAMPUS, 5TH FLOOR, DES
MOINES, IA  503280000

Return To:
WFHM FINAL DOCS X2599-024

405 SW 5TH STREET
DES MOINES, IA 50309-4600

Parcel Number:
06-014-023
Premises:
5026 YORK ROAD
DOYLESTOWN

[Space Above This Line For Recording Data]

Commonwealth of Pennsylvania

# MORTGAGE

FHA Case No.

THIS MORTGAGE ("Security Instrument") is given on JUNE 23, 2010
The Mortgagor is KAREN TORTORELLA, A SINGLE PERSON AND ERMA E TORTORELLA, A
SINGLE PERSON

("Borrower"). This Security Instrument is given to WELLS FARGO BANK, N.A.
WELLS FARGO BANK, N.A.

which is organized and existing under the laws of THE UNITED STATES                    , and
whose address is P.O. BOX 11701, NEWARK, NJ  071014701

                              ("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED SEVENTY SIX THOUSAND ONE HUNDRED TWENTY EIGHT AND 00/100
                              Dollars (U.S. $ ********276,128.00 ).

NMFL #0642 (PAFM) Rev 4/24/2005
FHA Pennsylvania Mortgage - 4/96
-4R(PA) (0506)
        VMP Mortgage Solutions, Inc.
Page 1 of 8                Initials:

PLEASE RECORD AND RETURN TO:

**PURCELL, KRUG & HALLER**
**1719 N. FRONT STREET**
**HARRISBURG, PA  17102**

ATTN: REC Dept

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on JULY 01, 2040                    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in BUCKS

County, Pennsylvania:

**SEE ATTACHED

which has the address of  5026 YORK ROAD                                            [Street]
DOYLESTOWN                                  [City], Pennsylvania 18901              [Zip Code]
("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the

annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

Initials: ___

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures



from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

      (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

      (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure

Initials:

proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16,

Initials:

"Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

21. **Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

22. **Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

23. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

Initials:

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider       ☐ Growing Equity Rider       ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        *Karen Tortorella* (Seal)
                                        KAREN TORTORELLA            -Borrower

_____        *Erma E. Tortorella* by aif (Seal)
                                        ERMA E TORTORELLA          -Borrower

_____ (Seal)  *Karen Marie Tortorella* (Seal)
                                -Borrower                          -Borrower

_____ (Seal)  Poa BK 6451 _____ (Seal)
                                -Borrower       pg 1778            -Borrower

_____ (Seal)  _____ (Seal)
                                -Borrower                          -Borrower

VMP -4R(PA) (0608)            Page 8 of 9

COMMONWEALTH OF PENNSYLVANIA,  *Delaware*                          County ss:

On this, 23RD        day of JUNE    2010            , before me, the undersigned officer,
personally appeared KAREN TORTORELLA, AND ERMA E TORTORELLA

*individually and as attorney in fact for Erma E. Tortorella*

                                                known to me (or satisfactorily proven) to be the
person(s) whose name is/are subscribed to the within instrument and acknowledged that he/she/they
executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission Expires:

                                                *Notary Public*
                                   ─────────────────────────────
                                   Title of Officer

                                   **COMMONWEALTH OF PENNSYLVANIA**
                                   Notarial Seal
                                   Pamela Ann Rader, Notary Public
                                   Upper Darby Twp., Delaware County
                                   My Commission Expires May 27, 2014
                                   Member, Pennsylvania Association of Notaries

Certificate of Residence
    I,       *P. Rader*                            , do hereby certify that the correct address of
the within-named Lender is  P.O. BOX 11701, NEWARK, NJ  071014701

    Witness my hand this 23RD        day of JUNE    2010

                                                            Agent of Lender

Initials:

Tax Parcel No. 06-014-023
5026 York Road
Buckingham Township
Bucks County
Holicong Pennsylvania 18928

ALL THAT CERTAIN messuage and lot of land, Hereditaments and Appurtenances.
SITUATE in the TOWNSHIP OF BUCKINGHAM, County of Bucks and State of
Pennsylvania, bounded and described as follows:

BEGINNING at a point in York Road, near the middle thereof, at a distance of 2,189.8
feet. measured in a Northeasterly direction, along the said road, from a corner of lands of
Marguerite E.L. Harris; thence by lands of Ruth S. Clendenin (passing over an iron pipe
40.02 feet from the beginning of this line) North 49 degrees 17 minutes East 354.14 feet
to a corner; thence by lands of Elizabeth T. Kinney North 38 degrees 50 minutes East 100
feet to an iron pipe a corner; thence by remaining lands of William McLeod, of which the
within described premises was a part (passing over an iron pipe 40.02 feet from the end
of this line) South 49 degrees 17 minutes East 354.14 feet to a corner in the aforesaid
road; thence along the same South 38 degrees 50 minutes West 100 feet to the place of
beginning.

CONTAINING .8125 of an acre of land.

TAX PARCEL # 6-14-23

PROPERTY ADDRESS: 5026 YORK ROAD, HOLICONG, PA 18928

# REHABILITATION LOAN RIDER

FHA Case No.

███████████████

THIS REHABILITATION LOAN RIDER is made this 23RD        day of JUNE
2010       , and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned
("Borrower") to secure Borrower's Note ("Note") to  WELLS FARGO BANK, N.A.

("Lender") of the same date and covering the Property described in the Security Instrument and located at:
5026 YORK ROAD, DOYLESTOWN, PA  18901

[Property Address]

ADDITIONAL COVENANTS.  In addition to the covenants and agreements in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.  Loan proceeds are to be advanced for the premises in accordance with the Rehabilitation Loan
Agreement dated June 23 2010       , between Borrower and Lender. This
agreement is incorporated by reference and made a part of this Security Instrument. No advances
shall be made unless approved by the Secretary of Housing and Urban Development or a Direct
Endorsement Underwriter.

B.  If the rehabilitation is not properly completed, performed with reasonable diligence, or is
discontinued at any time except for strikes or lockouts, the Lender is vested with full authority
to take the necessary steps to protect the rehabilitation improvements and property from harm,
continue existing contracts or enter into necessary contracts to complete the rehabilitation. All

*FHA Multistate Rehabilitation Loan Rider - 10/95*

588U (9705)
Page 1 of 2  Initials:
VMP MORTGAGE FORMS - (800)521-7291

sums expended for such protection, exclusive of the advances of the principal indebtedness, shall be added to the principal indebtedness, and secured by the Security Instrument and be due and payable on demand with interest as set out in the Note.

C. If Borrower fails to perform any obligation under the loan, including the commencement, progress and completion provisions of the Rehabilitation Loan Agreement, and such failure continues for a period of 30 days, the loan shall, at the option of Lender, be in default.

D. The Property covered by this Security Instrument shall include all of Borrower's interest in funds held by Lender in escrow under the Rehabilitation Loan Agreement.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Rehabilitation Loan Rider.

_____ (Seal)        (Seal)
-Borrower          KAREN TORTORELLA    -Borrower

_____ (Seal)        (Seal)
-Borrower          ERMA E TORTORELLA   -Borrower

_____ (Seal)        (Seal)
-Borrower                              -Borrower

_____ (Seal)        (Seal)
-Borrower                              -Borrower

588U (9705)                    Page 2 of 2

**E-RECORDED**    simplifile

ID: 2016021861
County: Bucks County - PA
Date: 4/21/2016  Time: 11:27 AM

**Claim Date: 11/25/2015**

**FHA Case No.:** ██████████

**Servicer Loan No.:** ███████████████████

**When Recorded Return To:**
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: ███████████████

This instrument prepared by:
Wells Fargo Home Mortgage
CHRISTOPHER VANG
1000 Blue Gentian Rd #200
Eagan, MN 55121-4400

## ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS

WELLS FARGO BANK, N.A., whose address is 1 Home Campus, Des Moines, IA 50328 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W., Washington, D.C. 20410 ("Assignee"), and its successors and assigns, without recourse, the following:

1. that certain Mortgage dated JUNE 23, 2010, executed by KAREN TORTORELLA, A SINGLE PERSON AND ERMA E TORTORELLA, A SINGLE PERSON, to WELLS FARGO BANK, N.A., having an original principal sum of $276128.00 with interest, secured thereby, and recorded on JULY 19, 2010 as Instrument Number 2010048192 and/or in Book/Volume/Liber/Reel 6451, at Page/Folio 1787, among the land records of BUCKS County, PA, as amended or modified (the "Mortgage"), which Mortgage secures that certain promissory note dated JUNE 23, 2010 (the "Note"); and

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

Property Address: 5026 YORK ROAD, DOYLESTOWN, PA 18901  Township of Buckingham
Assessor's/Tax ID No.: 06-014-023

Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the _10th_ day of _December_, 20_15_.

WELLS FARGO BANK, N.A.

By: _____

Name: _____
          George Edward Wellock

Title: Vice President Loan Documentation

<strong>NOTARY ACKNOWLEDGMENT</strong>

State of Minnesota       )

                        ), ss:

County of Dakota )

On _12/10/2015_, before me, _____Jay Kenneth Sandahl_____, a Notary Public in the State of _Minnesota_, personally appeared _____George Edward Wellock_____, Vice President Loan Documentation, for WELLS FARGO BANK, N.A. personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Notary Public: _Jay Kenneth Sandahl_

My Commission Expires: _01/31/19_

[ SEAL ]

JAY KENNETH SANDAHL
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/19

I do certify that the precise address of the Secretary of Housing and Urban Development is 451 7th Street, S.W., Washington, D.C. 20410.

Attested By: _____George Edward Wellock_____

## Exhibit A – Legal Description

ALL THAT CERTAIN messuage and lot of land, Hereditaments and Appurtenances. SITUATE in the TOWNSHIP OF BUCKINGHAM, County of Bucks and State of Pennsylvania, bounded and described as follows:

BEGINNING at a point in York Road, near the middle thereof, at a distance of 2,189.8 feet. measured in a Northeasterly direction, along the said road, from a corner of lands of Marguerite E.L. Harris; thence by lands of Ruth S. Clendenin (passing over an iron pipe 40.02 feet from the beginning of this line) North 49 degrees 17 minutes East 354.14 feet to a corner; thence by lands of Elizabeth T. Kinney North 38 degrees 50 minutes East 100 feet to an iron pipe a corner; thence by remaining lands of William McLeod, of which the within described premises was a part (passing over an iron pipe 40.02 feet from the end of this line) South 49 degrees 17 minutes East 354.14 feet to a corner in the aforesaid road; thence along the same South 38 degrees 50 minutes West 100 feet to the place of beginning.

CONTAINING .8125 of an acre of land.

TAX PARCEL # 6-14-23

PROPERTY ADDRESS: 5026 YORK ROAD, HOLICONG, PA 18928

## BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania  18901**
**(215) 348-6209**

Instrument Number - 2016021861
Recorded On 4/21/2016 At 11:27:04 AM          * Total Pages - 5
* Instrument Type - MORTGAGE ASSIGNMENT
  Invoice Number - 792474          User -  SMC
* Mortgagor - WELLS FARGO BK N A
* Mortgagee - HOUSING & URBAN DEVT
* Customer - SIMPLIFILE LC E-RECORDING
* FEES

| | |
|---|---|
| RECORDING FEES | $66.00 |
| TOTAL PAID | $66.00 |

> Bucks County UPI Certification
> On April 21, 2016 By TF

> ### This is a certification page
>
> # DO NOT DETACH
>
> ### This page is now part
> ### of this legal document.

RETURN DOCUMENT TO:
RICHMOND MONROE - BAYVIEW HUD
82 JIM LINEGAR LANE
KIMBERLING CITY, MO 65686

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.





Joseph J. Szafran, Jr.
Recorder of Deeds

\* - Information denoted by an asterisk may change during
   the verification process and may not be reflected on this page.

11861A

**E-RECORDED**    simplifile

ID: 2016021862

County: Bucks County — PA

Date: 4/21/2016    Time: 11:27 AM

**Claim Date: 11/25/2015**

**FHA Case No.:** ▮▮▮▮▮▮▮

**Servicer Loan No.:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

When Recorded Return To:
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: ▮▮▮▮▮▮▮▮▮

This instrument prepared by:
Wells Fargo Home Mortgage
CHRISTOPHER VANG
1000 Blue Gentian Rd #200
Eagan, MN 55121-4400

## ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W., Washington, D.C. 20410 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to BAYVIEW LOAN SERVICING, LLC, whose address is 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146 ("Assignee"), and its successors and assigns, without recourse, the following:

1.  that certain Mortgage dated JUNE 23, 2010, executed by KAREN TORTORELLA, A SINGLE PERSON AND ERMA E TORTORELLA, A SINGLE PERSON, to: WELLS FARGO BANK, N.A., having an original principal sum of $276128.00 with interest, secured thereby, and recorded on JULY 19, 2010 as Instrument Number 2010048192 and/or in Book/Volume/Liber/Reel 6451, at Page/Folio 1787, among the land records of BUCKS County, PA, as amended or modified (the "Mortgage"), which Mortgage secures that certain promissory note dated JUNE 23, 2010 (the "Note"); and

2.  such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

Property Address: 5026 YORK ROAD, DOYLESTOWN, PA 18901
Assessor's/Tax ID No.: 06-014-023    Township of Buckingham

Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

See Exhibit "B" for additional reference

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the _____ day of _____, _____.

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY ITS ATTORNEY IN FACT BAYVIEW LOAN SERVICING LLC.

POA: BUCKS, PA RECORDED 03/15/2016
AS INSTRUMENT # 2016014072

BY: _____

Robert G. Hall
Vice President

Witness: **Pamela Vargas**

Witness: **Maria T. Ruiz**

### NOTARY ACKNOWLEDGMENT

STATE OF FLORIDA            )
                           )SS
MIAMI DADE COUNTY          )

On _____FEB 1 7 2016_____, before me, _____~~Robert G. Hall~~_____, a Notary Public in the State of **Florida**, personally appeared _____**Robert G. Hall**_____, as _____~~Vice President~~_____ of Bayview Loan Servicing LLC., By its Attorney in Fact for The Secretary of Housing and Urban Development, personally know to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

MARIA ISABEL PUERTO
MY COMMISSION # FF 219504
EXPIRES: July 30, 2019
Bonded Thru Notary Public Underwriters

Notary Public: Maria Isabel Puerto
My Commission Expires: 07/30/2019

[SEAL]

## Exhibit A – Legal Description

ALL THAT CERTAIN messuage and lot of land, Hereditaments and Appurtenances. SITUATE in the TOWNSHIP OF BUCKINGHAM, County of Bucks and State of Pennsylvania, bounded and described as follows:

BEGINNING at a point in York Road, near the middle thereof, at a distance of 2,189.8 feet. measured in a Northeasterly direction, along the said road, from a corner of lands of Marguerite E.L. Harris; thence by lands of Ruth S. Clendenin (passing over an iron pipe 40.02 feet from the beginning of this line) North 49 degrees 17 minutes East 354.14 feet to a corner; thence by lands of Elizabeth T. Kinney North 38 degrees 50 minutes East 100 feet to an iron pipe a corner; thence by remaining lands of William McLeod, of which the within described premises was a part (passing over an iron pipe 40.02 feet from the end of this line) South 49 degrees 17 minutes East 354.14 feet to a corner in the aforesaid road; thence along the same South 38 degrees 50 minutes West 100 feet to the place of beginning.

CONTAINING .8125 of an acre of land.

TAX PARCEL # 6-14-23

PROPERTY ADDRESS: 5026 YORK ROAD, HOLICONG, PA 18928

EXHIBIT "B"

MORTGAGE MADE BY KAREN TORTORELLA AND ERMA E. TORTORELLA AND WELLS FARGO BANK, N.A., DATED 06/23/2010 AND RECORDED 07/19/2010 IN BOOK 6451 AND PAGE 1787 AS INSTRUMENT NUMBER 2010048192 FOR THE ORIGINAL PRINCIPAL AMOUNT OF $276128.00.

ASSIGNMENT FROM: WELLS FARGO BANK, N.A. TO: SECRETARY OF HOUSING AND URBAN DEVELOPMENT DATED 12/10/2015, TO BE RECORDED CONCURRENTLY HEREWITH.

## BUCKS COUNTY RECORDER OF DEEDS
### 55 East Court Street
### Doylestown, Pennsylvania  18901
### (215) 348-6209

Instrument Number - 2016021862
Recorded On 4/21/2016 At 11:27:05 AM                * Total Pages - 6
* Instrument Type - MORTGAGE ASSIGNMENT
  Invoice Number - 792474                User -  SMC
* Mortgagor - HOUSING & URBAN DEVT
* Mortgagee - BAYVIEW LOAN SERV L L C
* Customer - SIMPLIFILE LC E-RECORDING
* <u>FEES</u>
  RECORDING FEES            $71.00
  TOTAL PAID                $71.00

| Bucks County UPI Certification |
| :---: |
| On April 21, 2016 By TF |

This is a certification page

# DO NOT DETACH

This page is now part
of this legal document.

<u>RETURN DOCUMENT TO:</u>
**RICHMOND MONROE - BAYVIEW HUD**
**82 JIM LINEGAR LANE**
**KIMBERLING CITY, MO 65686**

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Joseph J. Szafran, Jr.
Recorder of Deeds

* - Information denoted by an asterisk may change during
    the verification process and may not be reflected on this page.

11861B



## *BUCKS COUNTY RECORDER OF DEEDS*

**55 East Court Street**
**Doylestown, Pennsylvania   18901**
**(215) 348-6209**

**Instrument Number - 2018027782**
**Recorded On 5/29/2018 At 11:22:38 AM**          * Total Pages - 3
* **Instrument Type - MORTGAGE ASSIGNMENT**
   **Invoice Number - 941639          User - TLF**
* **Mortgagor - BAYVIEW LOAN SERV L L C**
* **Mortgagee - BAYVIEW DISPOSITIONS I V B L L C**
* **Customer - SIMPLIFILE LC E-RECORDING**

* **FEES**
   **RECORDING FEES          $70.75**
   **TOTAL PAID          $70.75**

| Bucks County UPI Certification |
| --- |
| On May 29, 2018 By TF |

## This is a certification page

# DO NOT DETACH

### This page is now part
### of this legal document.

**RETURN DOCUMENT TO:**
**MERIDIAN ASSET SERVICES**
**3201 34TH STREET SOUTH&#10;SUITE**
**SAINT PETERSBURG, FL 33711**

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Robin M. Robinson
Recorder of Deeds

**\* - Information denoted by an asterisk may change during**
**the verification process and may not be reflected on this page.**

143E47



CERTIFIED PARCEL IDENTIFICATION NUMBERS
06-014-023-      -      BUCKINGHAM TWP
CERTIFIED 05/29/2018 BY TF

**Prepared By and Return To:**
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

**UPI# 06-014-023**

Loan No: ▮▮▮▮
Sver Ln No: ▮▮▮▮

_____ Space above for Recorder's use _____



# ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **BAYVIEW LOAN SERVICING, LLC**, whose address is 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146, (ASSIGNOR), does hereby grant, assign and transfer to **BAYVIEW DISPOSITIONS IVB, LLC**, whose address is 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 6/23/2010
Original Loan Amount: $276,128.00
Executed by (Borrower(s)): **KAREN TORTORELLA & ERMA E TORTORELLA**
Original Lender: **WELLS FARGO BANK, N.A.**
Filed of Record: In Book/Liber/Volume 6451, Page 1787,
Document/Instrument No: 2010048192 in the Recording District of BUCKS, PA, Recorded on 7/19/2010.
**MUNICIPALITY: TOWNSHIP OF BUCKINGHAM**

Property more commonly described as: **5026 YORK ROAD, DOYLESTOWN, PENNSYLVANIA 18901**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **APR 2 0 2018**

**BAYVIEW LOAN SERVICING, LLC**

By: ESLOAN SOTOLONGO
Title: **ASSISTANT VICE PRESIDENT**

Witness Name: Sarah Whiteley

I hereby certify the precise address of the within named **BAYVIEW DISPOSITIONS IVB, LLC** (*Assignee*) is 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146.

Isabel Molina

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of        **FLORIDA**
County of     **MIAMI-DADE**

On _____APR 2 0 2018_____, before me, **ROGELIO A. PORTAL**, a Notary Public, personally appeared **ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT** of/for **BAYVIEW LOAN SERVICING, LLC**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under **PENALTY OF PERJURY** under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct.  I further certify **ESLOAN SOTOLONGO**, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

_____

(Notary Name): **ROGELIO A. PORTAL**
My commission expires: 08/25/2020



ROGELIO A. PORTAL
MY COMMISSION # FF 993830
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

## *BUCKS COUNTY RECORDER OF DEEDS*

**55 East Court Street**
**Doylestown, Pennsylvania  18901**
**(215) 348-6209**

**Instrument Number - 2018027783**
**Recorded On 5/29/2018 At 11:22:39 AM**          \* Total Pages - 3
\* **Instrument Type - MORTGAGE ASSIGNMENT**
  **Invoice Number - 941639**          User -  TLF
\* **Mortgagor - BAYVIEW DISPOSITIONS I V B L L C**
\* **Mortgagee - U S BK N A**
\* **Customer - SIMPLIFILE LC E-RECORDING**
\* **FEES**
  **RECORDING FEES**          **$70.75**
  **TOTAL PAID**              **$70.75**

> Bucks County UPI Certification
> On May 29, 2018 By TF

> # This is a certification page
>
> # DO NOT DETACH
>
> ### This page is now part
> ### of this legal document.

**RETURN DOCUMENT TO:**
**MERIDIAN ASSET SERVICES**
**3201 34TH STREET SOUTH&#10;SUITE**
**SAINT PETERSBURG, FL 33711**

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



**Robin M. Robinson**
**Recorder of Deeds**

**\* - Information denoted by an asterisk may change during**
**the verification process and may not be reflected on this page.**

143E48



Inst. # 2018027783 - Page 2 of 3

CERTIFIED PROPERTY IDENTIFICATION NUMBERS
06-014-023-          -          BUCKINGHAM TWP
CERTIFIED 05/29/2018 BY TF

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

UPI# 06-014-023

Loan No: ███████
Svcr Ln No: ███████

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **BAYVIEW DISPOSITIONS IVB, LLC**, whose address is **4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146**, (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST N.A., AS TRUSTEE OF THE SCIG SERIES III TRUST**, whose address is **7114 E STETSON DR., SUITE 250, SCOTTSDALE, AZ 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 6/23/2010
Original Loan Amount: $276,128.00
Executed by (Borrower(s)): **KAREN TORTORELLA & ERMA E TORTORELLA**
Original Lender: **WELLS FARGO BANK, N.A.**
Filed of Record: In Book/Liber/Volume 6451, Page 1787,
Document/Instrument No: 2010048192 in the Recording District of **BUCKS, PA**, Recorded on 7/19/2010.
**MUNICIPALITY: TOWNSHIP OF BUCKINGHAM**

Property more commonly described as: **5026 YORK ROAD, DOYLESTOWN, PENNSYLVANIA 18901**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **APR 2 0 2018**

**BAYVIEW DISPOSITIONS IVB, LLC**

By: ESLOAN SOTOLONGO
Title: **ASSISTANT VICE PRESIDENT**

Witness Name: Sarah Whiteley

I hereby certify the precise address of the within named **US BANK TRUST N.A., AS TRUSTEE OF THE SCIG SERIES III TRUST** *(Assignee)* is **7114 E STETSON DR., SUITE 250, SCOTTSDALE, AZ 85251**.

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **FLORIDA**
County of **MIAMI-DADE**

On ___ **APR 2 0 2018** before me, **ROGELIO A. PORTAL**, a Notary Public, personally appeared **ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT of/for BAYVIEW DISPOSITIONS IVB, LLC,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct.  I further certify ESLOAN SOTOLONGO, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

_____

(Notary Name): ROGELIO A. PORTAL
My commission expires 08/25/2020



ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters